## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

CHRISTOPHER DALE MELTON                                             PLAINTIFF

v.                                                   CIVIL ACTION NO. 5:15CV-P137-TBR

ANGELA TROUTMAN *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Christopher Dale Melton filed a *pro se* complaint under 42 U.S.C. § 1983 on his own paper (DN 1).  Finding deficiencies in this action, the Clerk of Court sent Plaintiff a Notice of Deficiency (DN 3).  In part, the Notice directed Plaintiff to refile his complaint on the appropriate court-approved form.  In response, Plaintiff filed his complaint on the appropriate court-approved form (DNs 1-1 & 5).  This matter is before the Court for initial review of the complaint[1] pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss this action.

## I.  SUMMARY OF CLAIMS

In the original complaint, Plaintiff names three Defendants: Angela Troutman; Michael Hogancamp; and Keith Myers.  On the § 1983 complaint form, Plaintiff names Angela Troutman as a Defendant but does not name either Michael Hogancamp or Keith Myers as a Defendant.  Instead, he names Mike Stacey and Timothy Langford as Defendants.  The Court will construe the complaint as naming five Defendants:  Angela Troutman, Michael Hogancamp, Keith Myers, Mike Stacey and Timothy Langford.

---

[1] The Court will review both the initial complaint filed on Plaintiff's own paper (DN 1) and the complaint submitted on the appropriate court-approved form (DNs 1-1 & 5).

Plaintiff identifies Defendant Troutman as an Assistant Public Defender in Ballard and Carlisle counties and sues her individual and official capacities.  Plaintiff identifies Defendant Hogancamp and Defendant Stacey as Commonwealth's Attorneys for Ballard and Carlisle counties.[2]  He sues Defendant Stacey in his official and individual capacities but fails to state in what capacity he is suing Defendant Hogancamp.  Plaintiff identifies Defendant Myers and Defendant Langford as Circuit Court judges in Carlisle and Ballard counties.[3]  Plaintiff sues Defendant Langford in his individual capacity but fails to state in what capacity he is suing Defendant Myers.  Plaintiff seeks compensatory and punitive damages, injunctive relief, and other relief.  As injunctive relief, Plaintiff seeks "[s]uspending All Defendants from office pending outcome."  The other relief Plaintiff seeks is to "[d]ismiss and vacate All Charges filed, pending or under investigation."

In this action, Plaintiff complains about events that occurred during a criminal action against him in state court.  Plaintiff states that Defendant Troutman failed to show up for a scheduled preliminary hearing but sent a replacement instead.  Plaintiff states that Defendant Troutman is directly responsible for the actions of her replacement.  According to Plaintiff, the replacement offered Plaintiff a reduced bond if he would waive his right to a preliminary hearing.  Plaintiff states that this violates "Due Process of Law" and "violAtes his ConstitutionAl Right to Effective Assistance of Counsel."  Plaintiff contends that Defendant Troutman had an "[a]bsolute Legal Responsibility to protect [Plaintiff's] Civill Rights and She failed to do So."  Plaintiff states that Defendant Hogancamp violated his "Right to Due Process of Law under the United States Constitution in that he is a official, elected by the people to Represent the

---

[2] According to the Ky.gov website, Michael Hogancamp is the County Attorney for Carlisle County and Mike Stacey is the Commonwealth Attorney for Ballard and Carlisle counties.
[3] According to the Ky.gov website, Keith Myers is the District Court Judge for Ballard County and Timothy Langford is the Circuit Court Judge for Carlisle County.

Commonwealth of Kentucky" and is sworn to "uphold the LAws of the United StAtes of AmeRicA and the Commonwealth of Kentucky." Plaintiff states that Defendant Hogancamp "[a]llowed [Plaintiff] to Be offered A DeAl to WAive his preliminAry heARing in exchange for a Lower Bond." Plaintiff states that "this Court knows A Reasonable Bond is A Constitutional Requirement and to DeAL AwAy A mans Absolute Right to Due Process of Law is A Mockery of the Justice System and tramples the Constitution." Plaintiff contends that Defendant Myers also violated his right to due process when he "conspired with Defendant #1, AngelA TRoutmAN to violate his Right to effective Assistance of Counsel" and allowed an "illegal agreement to Be entered Between [Plaintiff] and Defendants [Troutman and Hogancamp] wherein [Plaintiff] would wAive his Right to A preliminary heARing iN Exchange for A Lowered Bond." According to Plaintiff, by "[a]llowing this illegal DeAl to Continue Mr. Myers violated [Plaintiff's] Constitutional Right to Due Process of Law and Aided Defendant [Troutman] to violate his Right to effective Assistance of counsel." Plaintiff contends that "[t]his is playing Lets Make A DeAL with [Plaintiff's] Right to BAiL and Right to preliminary heARing."

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

 "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

## A. *Defendant Troutman*

Plaintiff states that Defendant Troutman is the public defender who represented him in the underlying state-court criminal case about which he complains in this action. According to Plaintiff, Defendant Troutman failed to show at a scheduled preliminary hearing but sent a "replacement." Plaintiff states that Defendant Troutman is responsible for the actions of her replacement, who he alleges violated his right to due process.

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bunn*, 604 F.3d 249, 253 (6th Cir. 2010). Defendant Public Defender Troutman, in representing Plaintiff in the state-court action, is not a state actor for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

An exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights. *Tower v. Glover*, 467 U.S. 914, 920-23 (1984). Plaintiff alleges that Defendant Troutman conspired with Defendant Myers to violate Plaintiff's right to effective assistance of counsel. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir.

2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged coconspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard needed to state a conspiracy claim. Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants engaged in a conspiracy to deny Plaintiff his right to counsel. Plaintiff makes only general allegations which have no underlying factual support. He provides no factual support of conspiracy other than the recitation that one existed. "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared . . . [an] unlawful objective." *Bazzi v. City of Dearborn*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

Further, even if the Court were to assume that Defendant Troutman was a person acting under color of state law, this claim would fail. Plaintiff seeks to hold Defendant Troutman responsible for the actions of the attorney who Plaintiff states replaced Defendant Troutman during Plaintiff's preliminary hearing. The doctrine of *respondeat superior*, or the right to

6

control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which Plaintiff complains.  *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff fails to set forth how Defendant Troutman was personally involved in the acts about which he complains.  He simply seeks to hold her responsible for the actions of her "replacement."

Accordingly, Plaintiff's claims against Defendant Troutman will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Leaving no claims against Defendant Troutman, she will be dismissed from this action.

**B.  Defendants Stacey and Langford**

Plaintiff names Stacey and Langford as Defendants in this action.  However, Plaintiff makes no allegations against them in his complaint.  "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder."

*Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d at 421). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." *Potter v. Clark*,     497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB,    2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Having failed to allege any conduct on the part of Defendants Stacey and Langford that violates Plaintiff's rights, these Defendants and the claims against them will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Defendant Hogancamp

Defendant Hogancamp is the County Attorney for Carlisle County. Plaintiff states that Defendant Hogancamp prosecuted Plaintiff in a criminal action. According to Plaintiff, Defendant Hogancamp violated Plaintiff's right to due process when he allowed Plaintiff "to be offered A DeAL to wAivE his preliminary hearing iN exchange for A LoweR Bond."

The Supreme Court has addressed the issue of prosecutorial immunity in several decisions. For example, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Court noted that the common law afforded absolute immunity to prosecutors for several reasons. Immunity encourages vigorous decision making by reducing, if not eliminating, liability's inhibitory effect. *Id.* at 424-25. It protects prosecutors against having "to answer in court each time [a defendant]

8

charge[s] him with wrongdoing [which diverts] his energy and attention . . . from the pressing

duty of enforcing the criminal law." *Id*. at 425.  Immunity also ensures that judges are not

influenced "by even the subconscious knowledge that a post-trial decision in favor of the accused

might result in the prosecutor's being called upon to respond in damages for his error or

mistaken judgment." *Id.* at 427.  Alternative mechanisms, such as a trial judge's remedial

powers, appellate review and post-conviction collateral remedies, exist to remedy injury caused

by prosecutorial misconduct.  *Id*.  The Court concluded that "the same considerations of public

policy that underlie the common-law rule likewise countenance absolute immunity under

§ 1983." *Id*. at 424.

In *Imbler* the Court utilized a functional approach in determining whether prosecutorial

immunity applied.  The Court held that a prosecutor enjoys absolute immunity from § 1983

liability when he acts "as an advocate" by engaging in activities "intimately associated with the

judicial phase of the criminal process." *Id.* at 430.  Describing the conduct protected by

immunity, the Court opined that advocatory conduct includes "initiating a prosecution" and

"presenting the State's case." *Id.* at 431.  Advocatory conduct is clearly protected by absolute

immunity.  *Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998); *Ireland v. Tunis*, 113 F.3d 1435,

1443 (6th Cir. 1997).

Conduct that is purely administrative or taken in an investigatory capacity is not covered

by prosecutorial immunity.  The *Imbler* Court recognized that distinguishing between action

taken as an advocate and action taken as an administrator or even investigator might present

difficult questions.  *Imbler v. Pachtman*, 424 U.S. at 431 n. 33.  The courts have thereafter

wrestled with the distinction between advocatory conduct entitled to absolute immunity and non-

advocatory conduct.  *Burns v. Reed*, 500 U.S. 478 (1991); *Cooper v. Parrish*, 203 F.3d 937, 947

(6th Cir. 2000); *Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989); *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. 1986).

The Sixth Circuit has decided that unless engaging in actions clearly beyond his authority, a prosecutor is absolutely immune for actions taken during negotiation of a plea agreement. *Rouse v. Stacy*, 478 F. App'x 945 (6th Cir. 2012). "It is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity." *Id.* at 951; *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) (stating that "conduct associated with a plea bargain" is "so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity").

In the present case, all of Plaintiff's claims against Defendant Hogancamp are entitled to absolute prosecutorial immunity. This is because there are no allegations that would indicate that this Defendant clearly acted beyond his authority during the negotiations regarding Plaintiff's bond and preliminary hearing. The alleged wrongful conduct was advocatory conduct that was intimately associated with the judicial process. None of the wrongful actions alleged by Plaintiff as to Defendant Hogancamp were investigatory or administrative in nature.

Accordingly, Defendant Hogancamp is entitled to prosecutorial immunity. Defendant Hogancamp and the claims against him will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**D. *Defendant Myers***

Keith Myers is the District Court Judge for Ballard County. Plaintiff states that Defendant Myers presided over the state-court criminal action about which Plaintiff complains. According to Plaintiff, Defendant Myers violated Plaintiff's right to due process when he allowed the "illegal agreement to Be Entered . . . wherein [Plaintiff] wAive[d] his Right to A preliminary heARing iN Exchange foR A Lowered Bond."

10

Defendant Myers is immune from liability.  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[I]mmunity is overcome in only two sets of circumstances."  *Id.*

"First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity."  *Id.*  "Whether an action is judicial depends on the nature and function of the act, not the act itself."  *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted).  Two factors are used to perform this functional analysis.  *Id*. at 1441.  Courts must first determine whether the act "'is a function normally performed by a judge.'"  *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity."  *Id.*

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. at 12.  A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court.  *Ireland v. Tunis*, 113 F.3d at 1441.  Acting in error, maliciously, or in excess of his authority is not enough.  *Stump v. Sparkman*, 435 U.S. at 355.

 In the present case, the alleged wrongful acts about which Plaintiff complains involve rulings and decisions Defendant made in his capacity as a district court judge for Ballard County during the course of presiding over Plaintiff's criminal action.  Presiding over proceedings and making decisions therein are functions normally performed by a judge, and Plaintiff dealt with Defendant in his capacity as a district court judge.  Therefore, the alleged wrongful acts performed by Defendant were judicial in nature.  Further, because Kentucky district courts

(KRS §§ 24A.010 *et seq.*) and circuit courts (KRS §§ 23A.010 *et seq.*) have subject-matter jurisdiction over criminal matters, Plaintiff has not shown that Defendant Myers acted "in clear absence of all jurisdiction."  As such, Defendant Myers is absolutely immune from this action.

Plaintiff further contends that Defendant Myers conspired with Defendant Troutman to violate Plaintiff's right to effective assistance of counsel.  The Court previously addressed this argument as it involved Defendant Troutman.  For those same reasons, the claim fails against Defendant Myers.

Accordingly, Defendant Myers and the claims against him will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(2).

### E.  Due Process and Right-to-Counsel Claims

An additional reason that Plaintiff's claims fail against Defendants is that the alleged wrongful actions about which Plaintiff complains do not state a constitutional violation.  Plaintiff alleges his right to due process was violated when Defendants Troutman and Hogancamp offered Plaintiff a reduced bond if he would waive his right to a preliminary hearing and Defendant Myers allowed this "illegal" agreement to be entered.  It is clear in the Sixth Circuit that Plaintiff has no due process right to a preliminary hearing, *Dillard v. Bomar*, 342 F.2d 789, 790-91 (6th Cir. 1965), and no right to bail.  *United States v. Beaman*, 631 F.2d 85, 86 (6th Cir. 1980).

Plaintiff further complains that his right to counsel was violated when Defendant Troutman failed to show up for his preliminary hearing.  However, Plaintiff states that Defendant Troutman sent a replacement who represented Plaintiff at the preliminary hearing.

Accordingly, the due process and right-to-counsel claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

12

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will dismiss this action by separate Order.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4413.003

13